JS 44 (Rev. 12/12)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
WENDY CHLADNI

### DEFENDANTS
UNIVERSITY OF PHOENIX, INC.

**(b)** County of Residence of First Listed Plaintiff    BERKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☒ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 2   U.S. Government
         Defendant

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander      Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine      Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product      Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** |      Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending |      Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage      Leave Act | | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** |      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights |      Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
         Proceeding

☐ 2 Removed from
         State Court

☐ 3 Remanded from
         Appellate Court

☐ 4 Reinstated or
         Reopened

☐ 5 Transferred from
         Another District
         *(specify)*

☐ 6 Multidistrict
         Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227 et seq.
Brief description of cause:
TELEPHONE CONSUMER PROTECTION ACT

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
08/10/2015

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 344 North Kemp Street, Kutztown, PA 19530

Address of Defendant: 1625 West Fountainhead Parkway, Tempe, AZ 85282

Place of Accident, Incident or Transaction: _____

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 47 U.S.C. § 227 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, CRAIG THOR KIMMEL, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 08-10-15 _____   _____   57100
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08-10-15 _____   _____   57100
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| WENDY CHLADNI | : | CIVIL ACTION |
| v. | : | |
| UNIVERSITY OF PHOENIX, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 08-10-15 | | Plaintiff, Wendy Chladni |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY CHLADNI, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| UNIVERSITY OF PHOENIX, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

WENDY CHLADNI ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNIVERSITY OF PHOENIX, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

1

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Kutztown, Pennsylvania 19530.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a corporation that does business in Pennsylvania and maintains its principle place of business in the State of Arizona, specifically at 1625 West Fountainhead Parkway, Tempe, Arizona 85282.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that she has had for more than one year.

11.     The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12.     Plaintiff never gave permission to Defendant to call her cellular telephone and has never engaged in business of any kind with Defendant.

2

13.   Plaintiff never furnished Defendant with her cellular telephone number and never authorized Defendant to call her.

14.   Beginning in or around early May 2015, and continuing through June 2015, Defendant called Plaintiff on her cellular telephone.

15.   Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages which would state; "We're calling from University of Phoenix", at which point, it would transfer Plaintiff to a live representative.

16.   Defendant's calls to Plaintiff were not made for emergency purposes.

17.   In early May 2015, and subsequent conversations thereafter, Plaintiff informed Defendant that she was not interested in going back to school and stop calling her cellular telephone.

18.   Defendant heard Plaintiff's instructions to stop calling, and revocation of any consent previously given, but did not update its records to cease calls to Plaintiff's cellular telephone.

19.   Rather, Defendant continued to call Plaintiff on her cellular telephone, calling as frequently as five (5) to six (6) calls a day and on occasion, calling before 8:00 a.m. and after 9:00 p.m.

20.   When Plaintiff spoke with Defendant, Defendant's representatives would talk over her in order to keep her on her cellular telephone longer, using more of her cellular telephone minutes.

PLAINTIFF'S COMPLAINT

21.    In response, on several occasions, Plaintiff was forced to hang up telephone, upon which Defendant would immediately call her back.

22.    Despite Plaintiff's repeated instructions to stop calling her cellular telephone, Defendant's calls continued causing Plaintiff added an App on her cellular telephone to try to block the calls.

23.    Most recently, Defendant contacted Plaintiff on her cellular telephone on June 25, 2015.

24.    Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

25.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

27.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28.    Defendant's calls to Plaintiff were not made for emergency purposes.

29.    Defendant's calls to Plaintiff, in and after May 2015, were not made with Plaintiff's prior express consent.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WENDY CHLADNI, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.     Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.     Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

5

d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WENDY CHLADNI, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

DATED: 08-10-15                    KIMMEL & SILVERMAN, P.C.


By:_____

CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com